UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMY HARVEY et al., <br><br> Plaintiffs, <br> v. <br><br> MID-CENTURY INSURANCE COMPANY, <br><br> Defendant. | CASE NO. 2:23-cv-00873-LK <br><br> ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on the motion of Defendant Mid-Century Insurance Company d/b/a Farmers Insurance ("Farmers") for partial summary judgment on Plaintiffs' bad faith, negligence, civil fraud, Insurance Fair Conduct Act ("IFCA"), Consumer Protection Act ("CPA"), and declaratory judgment claims. Dkt. No. 15. For the following reasons, the Court grants the motion.

## I. BACKGROUND

On June 5, 2017, Plaintiffs Amy Harvey and Torry Stanley were walking southbound on the sidewalk with their newborn baby B.S. Dkt. No. 1-2 at 3. As they approached an intersection,

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

an underinsured motorist ("UIM") drove her van off the road and onto the sidewalk towards Plaintiffs. *Id.* Stanley dove out of the way with B.S., but the van hit Harvey and pinned her against a parked truck. *Id.* at 3–4.

At the time, Plaintiffs maintained an insurance policy through Farmers (the "Policy"). *Id.* at 5; Dkt. No. 16-1 at 2–42. This Policy included a UIM provision stating in relevant part that:

> [Farmers] will pay all sums which an insured person is legally entitled to recover as damages from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by the insured person. The bodily injury must be caused by accident and arise out of the ownership, maintenance, or use of the underinsured motor vehicle.
>
> Determination as to whether an insured person is legally entitled to recover damages or the amount of damages shall be made by agreement between the insured person and [Farmers].

Dkt. No. 16-1 at 11–12 (emphases omitted). For UIM-related bodily injury, Plaintiffs' Policy had a coverage limit of $100,000 for each person and $300,000 for each accident. *Id.* at 5.

On February 26, 2019—nearly two years after the incident—Plaintiffs submitted a claim pursuant to the terms of the Policy to Farmers claim adjuster Matt Burdick. Dkt. No. 1-2 at 5; Dkt. No. 16-1 at 44. Plaintiffs' claim included medical documentation and a damages summary regarding Harvey's injury, as well as Stanley and B.S.'s "personal horror stories." Dkt. No. 16-1 at 44.[1] Plaintiffs stated that they were "united and [would] not resolve any single claim without resolving the others at the same time," and demanded that Farmers (1) "[e]ither timely offer to 'buy-out' [Plaintiffs'] claims by paying *each* the liability insurance policy limit of $100,000 or provide written notice that Farmers will not 'buy-out' [Plaintiffs'] claim," and (2) "[t]ender the

---

[1] Plaintiffs allege in their complaint that Harvey suffered both physical injuries (including lacerations on her left leg, trabeculae fractures, articular cartilage damage, and post-traumatic osteoarthritis) and mental injuries (namely, post-traumatic stress disorder ("PTSD")). Dkt. No. 1-2 at 4. Plaintiffs also contend that both Stanley and B.S. suffered severe emotional distress. *Id.* According to Plaintiffs, B.S.'s emotional distress "disrupted her neurodevelopment and resulted in permanent damage to her brain that has [already] manifested in the form of an [anxiety] disorder." *Id.* B.S. will also have PTSD for the remainder of her life because Harvey's PTSD "was imprinted on [B.S.'s] developing brain." *Id.*

Farmers underinsured motorist policy limit of $100,000 to each [Plaintiff] and waive all repayment obligations." Dkt. No. 16-1 at 45. Farmers claims adjuster Lonnie Lorbecki acknowledged receipt of Plaintiffs' claim on March 4, 2019. Dkt. No. 1-2 at 5.

One month later, on April 4, 2019, Lorbecki informed Plaintiffs that Farmers denied Stanley and B.S.'s claims for payment of benefits but would settle Harvey's claim for $25,000. Dkt. No. 16-1 at 47, 49, 51. The next day, Plaintiffs wrote to Lorbecki requesting that he respond to nine specific requests for information. *Id.* at 53–54.

On May 9, 2019, Lorbecki responded, explaining that Farmers' "initial settlement position [was] based on information known to date," providing additional detail regarding the known and unknown information, and requesting that Plaintiffs provide additional information for Farmers' consideration, including Harvey's "pre-accident counseling records" and "primary care records for the three years preceding the accident," along with any records of any new or additional treatment Plaintiffs had received related to the accident. *Id.* at 56–57.

On May 10, 2019, Plaintiffs responded to Lorbecki, stating that Lorbecki and Farmers "failed to provide a response to any of the nine requests for additional information in [Plaintiffs'] April 5 letter[.]" *Id.* at 61. Plaintiffs and Lorbecki conferred by telephone on May 14, 2019. *Id.* Three days later, on May 17, 2019, Lorbecki responded to Plaintiffs that Farmers "[did] not believe [it] need[ed] to respond [to the April 5 letter] in the specific manner [Plaintiffs] prefer." *Id.*

On May 23, 2019, Plaintiffs provided Lorbecki and Farmers with a 20-day notice that they would be filing suit against Farmers for alleged IFCA violations and unfair claims practices prohibited by Chapter 48.30 of the Revised Code of Washington. *Id.* at 59.[2] Plaintiffs mentioned

---

[2] IFCA provides that "[t]wenty days prior to filing an action, a first party claimant must provide written notice of the basis for the cause of action to the insurer and officer of the insurance commissioner." Wash. Rev. Code § 48.30.015(8)(a).

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

in their notice that they "w[ould] consider any good faith efforts made by Farmers to resolve this matter within the next 20 days with the understanding that those efforts will neither reset the 20-day countdown nor make up for the prior acts of Farmers." Dkt. No. 16-1 at 63. On June 10, 2019, Lorbecki wrote to Plaintiffs stating that Farmers "ha[d] re-evaluated the [UIM] claim for Amy Harvey and [would] offer[] $50,000 plus costs and fees." *Id.* at 67. The record does not indicate what (if any) correspondence occurred between then and the end of July 2019.

On July 31, 2019, Lorbecki wrote to Plaintiffs requesting an independent medical examination of B.S., as well as B.S.'s "birth and pediatric records from before [and] after the accident," B.S.'s "treatment and evaluation records," and "baby photos before and after the accident," to help "further evaluate [B.S.'s] medical condition and injury claim." Dkt. No. 19 at 5. Lorbecki also requested "a complete set of Ms. Harvey's and Mr. Stanley's medical records." *Id.* On August 6, 2019, Plaintiffs rejected these requests, suggesting that although there was a basis in the policy for requiring a "physical examination," there was no such language supporting "a mental or psychological examination." *Id.* at 8. Plaintiffs informed Farmers that they would file a lawsuit against both Lorbecki and Farmers unless Farmers "prompt[ly] tender[ed] the UIM policy limit to each [Plaintiff] and waive[d] any and all repayment obligations." *Id.* at 9.

Nearly three years later, on May 5, 2023, Plaintiffs sued Farmers in King County Superior Court, alleging IFCA and Washington Consumer Protection Act ("CPA") violations, breach of contract, bad faith, negligence, and civil fraud. Dkt. No. 1-2 at 7–8. Plaintiffs also sought payment of UIM benefits and declaratory relief. *Id.* at 9. On June 9, 2023, Farmers removed the action to this Court on diversity jurisdiction grounds. Dkt. No. 1 at 1–3. In an email to Farmers regarding the parties' Rule 26(f) conference, Plaintiffs asserted that "[b]y seeking removal, [Farmers] agreed that the claims of each [Plaintiff] exceeds $75,000" and therefore Farmers should "prompt[ly]"

pay that "undisputed" amount to each Plaintiff "pursuant to the terms of the insurance policy." Dkt. No. 19 at 11.

On September 13, 2023, Farmers filed its motion for partial summary judgment.

## II.  DISCUSSION

Farmers contends that Plaintiffs' bad faith, negligence, fraud, IFCA, and CPA claims are time-barred. Dkt. No. 15 at 1–2, 5–7. Farmers also maintains that Plaintiffs "fail to assert an actual claim for declaratory relief." *Id.* at 9. The Court agrees on both fronts.

**A.  Jurisdiction**

Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Federal jurisdiction exists over all civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Ninth Circuit, however, strictly construes the removal statute against removal jurisdiction. *See Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056–57 (9th Cir. 2018). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). To satisfy this standard upon removal, a defendant's notice of removal must contain "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), i.e., "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Dart Cherokee Basin Operating Co.*, 574 U.S. 81, 89 (2017). The amount in controversy is not "likely or probable liability; rather, it refers to possible liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020).

Here, Farmers timely removed this matter within 30 days of being served with Plaintiffs' complaint. Dkt. No. 1 at 2 (Farmers was served on May 12, 2023, and removed the case on June 9, 2023); *see also Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1130 (9th Cir. 2019).

In its notice of removal, Farmers plausibly alleged that the amount in controversy exceeds $75,000, relying on a settlement demand from Plaintiffs for over $600,000 for injuries including leg lacerations, trabeculae fractures, articular cartilage damage, posttraumatic osteoarthritis, and PTSD. Dkt. No. 2-1 at 37–38; *see also* Dkt. No. 1 at 3; *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 & n.3 (9th Cir. 2002) (per curiam). The Court also notes that Plaintiffs' Rule 26(f) letter to Farmers appears to value each Plaintiff's claim at $100,000. Dkt. No. 19 at 11. Farmers also established diversity: it alleged that Plaintiffs are citizens of Washington, while Farmers is a citizen of California. Dkt. No. 1 at 2 (asserting that Farmers' state of incorporation and principal place of business is California). Therefore, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

**B.     Legal Standard**

Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court does not make credibility determinations or weigh the evidence at this stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The sole inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. And to the extent that the Court resolves factual issues in favor of the nonmoving party, this is true "only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

The Court will, however, enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has carried its burden under Rule 56, "the nonmoving party must

come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (cleaned up). Metaphysical doubt is insufficient, *id.* at 586, as are conclusory, non-specific allegations, *Lujan*, 497 U.S. at 888–89.

**C.  Plaintiffs' Bad Faith, Negligence, Fraud, IFCA, and CPA Claims Are Time-Barred**

Farmers contends that Plaintiffs' bad faith, negligence, fraud, IFCA, and CPA claims should be dismissed because each claim is barred by the applicable statute of limitations. Dkt. No. 15 at 5–7. The Court examines each of these in turn.

Under Washington law, claims for negligence, fraud, insurance bad faith, and for violations of IFCA are subject to a three-year statute of limitations. *See* Wash. Rev. Code 4.16.080(2) (negligence); Wash. Rev. Code § 4.16.080(4) (fraud); *Moratti v. Farmers Ins. Co. of Wash.*, 254 P.3d 939, 942 (Wash. Ct. App. 2011) (insurance bad faith); *Trumball v. Am. Sec. Ins. Co.*, No. C17-00125-RAJ, 2018 WL 3769797, at *2 (W.D. Wash. Aug. 9, 2018) (IFCA). A CPA claim must be "commenced within four years after the cause of action accrues." Wash. Rev. Code § 19.86.120.

The limitations period begins to run when the cause of action accrues. Wash. Rev. Code § 4.16.005. "Usually, a cause of action accrues when the party has the right to apply to a court for relief." *1000 Va. Ltd. P'ship v. Vertecs Corp.*, 146 P.3d 423, 428 (Wash. 2006). However, under the "discovery rule of accrual," a cause of action "accrues when the plaintiff discovers, or in the reasonable exercise of diligence should discover, the elements of the cause of action." *Id.* ("This does not mean that the action accrues when the plaintiff learns that he or she has a legal cause of action; rather, the action accrues when the plaintiff discovers the salient facts underlying the elements of the cause of action."); *see also Aventa Learning, Inc. v. K12, Inc.*, 830 F. Supp. 2d 1083, 1095–96 (W.D. Wash. 2011). Thus, an insured's bad faith and negligence claims against her insurer accrues when the insured knew or should have known that the insurer unreasonably denied benefits or extended an unreasonable settlement offer. *See, e.g., Segar v. Allstate Fire and Cas.*

*Ins. Co.*, No. C21-1526-JLR, 2022 WL 102035, at *6–7 (W.D. Wash. Jan. 11, 2022); *Stedman v. Progressive Direct Ins. Co.*, No. C18-1254-RSL, 2019 WL 1013456, at *2 (W.D. Wash. Mar. 4, 2019); *Dees v. Allstate Ins. Co.*, 933 F. Supp. 2d 1299, 1306–07 (W.D. Wash. 2013). Similarly, an IFCA claim accrues "when the insurer first extends its allegedly unreasonable settlement offer or unreasonably denies coverage." *Segar*, 2022 WL 102035, at *7 (cleaned up). "A CPA cause of action accrues and the statute of limitations begins to run when a party has the right to apply to a court for relief[,]" such as when an insurer unreasonably denies the insured's claim. *Id.* (cleaned up). And finally, a fraud action accrues when the aggrieved party discovers "the facts constituting the fraud[.]" Wash. Rev. Code § 4.16.080(4); *see also Shepard v. Holmes*, 345 P.3d 786, 790 (Wash. Ct. App. 2014).

Here, Plaintiffs do not respond to Farmers' contention that their negligence, fraud, insurance bad faith, IFCA, and CPA claims are time-barred because the statute of limitations for each of those claims began to run April 4, 2019 when Farmers denied Plaintiffs' claims for coverage and payment of benefits. *Compare* Dkt. No. 15 at 1–2, 5–7, *with* Dkt. No. 17. Instead, they assert a new allegation in their opposition brief: "Defendant's refusal to issue payment to each plaintiff of the $75,000 jurisdictional minimum" after removal—an "act that is separate and distinct from Defendant's earlier denial of Plaintiffs' claims"—occurred "within all applicable statu[t]e[s] of limitations," thereby rendering their claims timely. Dkt. No. 17 at 5.

Even if Plaintiffs could amend their complaint to add these allegations via their response brief (they cannot, *see La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010)), Plaintiffs' contentions are baseless. "The amount in controversy is simply an estimate of the total amount in dispute," *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010), and is a concept distinct from "the amount of damages ultimately

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT - 8

recoverable[,]" *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015). As the Tenth Circuit put it,

> The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation. To this end, documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability.

*McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). Thus, "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim," especially when the plaintiff "ma[k]e[s] no attempt to disavow his letter or offer contrary evidence." *Cohn*, 281 F.3d at 840. Farmers' assertion that the amount in controversy exceeds $75,000 based on Plaintiffs' settlement demand does not reflect any right to recovery.

Farmers has shown that there is no genuine dispute of material fact regarding its contention that the statute of limitations expired for Plaintiffs' negligence, fraud, insurance bad faith, and IFCA claims in April 2022,[3] and for Plaintiffs' CPA claim in April 2023. Because Plaintiffs did not sue until May 5, 2023, Dkt. No. 1-2 at 2, Farmers is entitled to judgment as a matter of law on those claims.

**D.   Plaintiffs Fail to State a Claim for Declaratory Relief**

Farmers contends that Plaintiffs' claim for declaratory judgment under Section 7.24.020 of the Revised Code of Washington should be dismissed because Plaintiffs' complaint fails to assert any "actual claim for declaratory relief" that is "based on construction or interpretation of the Policy." Dkt. No. 15 at 9. Farmers' request for relief with respect to this claim is really one for judgment on the pleadings. Fed. R. Civ. P. 12(c).

---

[3] Plaintiffs' negligence, fraud, and insurance bad faith claims expired on April 4, 2022, and Plaintiffs' IFCA claim expired on April 24, 2022. *See* Wash. Rev. Code § 48.30.015(8)(d).

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT - 9

A "person interested under a . . . written contract . . . may have determined any question of construction or validity arising under the . . . contract[.]" Wash. Rev. Code § 7.24.020. As Farmers accurately observes, Plaintiffs' complaint fails "to identify any specific provision that they want the Court to determine the 'construction or validity' of," and have not "identified any provision whose interpretation the parties actually disagree on." Dkt. No. 15 at 9; *see also* Dkt. No. 1-2 at 9. The complaint simply states that Plaintiffs "have standing" under Section 7.24.020 and are therefore "entitled to declaratory judgment against Farmers." Dkt. No. 1-2 at 9. Because Plaintiffs do not specify in their complaint what declaratory relief they actually seek, they have failed to state a claim upon which relief can be granted. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiffs aver in their opposition brief that "a controversy exists as to whether [Farmers], pursuant to the terms of the insurance policy, may request a psychological examination of B.S. when the policy only provided for a physical examination." Dkt. No. 17 at 5. This may be true, but again, Plaintiffs' complaint does not indicate that this is the declaratory relief they seek, and they may not amend their complaint via their response brief. Plaintiffs contend that Farmers "has known of this dispute since 2019 and fail[ed] to advise the Court of its existence." Dkt. No. 17 at 5. But it was Plaintiffs' burden, not Farmers', to properly raise Plaintiffs' claim for declaratory relief.

Because Plaintiffs have failed to state a claim for declaratory judgment, that claim is dismissed. Furthermore, because Plaintiffs do not seek leave to amend in response to Farms' motion, and because amended pleadings were due on October 16, 2023, this claim is dismissed without leave to amend.

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT - 10

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Farmers' motion. Dkt. No. 15. Summary judgment is GRANTED on Plaintiffs' negligence, fraud, insurance bad faith, IFCA, and CPA claims. Plaintiffs' declaratory judgment claim is DISMISSED without leave to amend.

Dated this 13th day of May, 2024.

*Lauren King*
Lauren King
United States District Judge