UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMY HARVEY et al., <br><br> Plaintiffs, <br> v. <br><br> MID-CENTURY INSURANCE COMPANY, <br><br> Defendant. | CASE NO. 2:23-cv-00873-LK <br><br> ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR A RULE 35 EXAMINATION AND RELIEF FROM DEADLINE |

This matter comes before the Court on the motion of Defendant Mid-Century Insurance Company d/b/a Farmers Insurance ("Farmers") to compel Federal Rule of Civil Procedure 35 examinations of Plaintiff Amy Harvey and her minor child B.S. Dkt. No. 33 at 1. Farmers also requests that the Court provide relief from the November 8, 2024 deadline for disclosure of rebuttal expert witnesses to allow it to submit reports from the examining physicians. *Id.* For the reasons discussed below, the Court denies Farmers' motion without prejudice.

### I.    BACKGROUND

On June 5, 2017, Plaintiffs Amy Harvey and Torry Stanley were walking on the sidewalk

1  in a Seattle neighborhood with their newborn baby B.S. Dkt. No. 1-2 at 3. As they approached an
2  intersection, an underinsured motorist ("UIM") drove her van off the road and onto the sidewalk
3  towards Plaintiffs. *Id.* Stanley dove out of the way with B.S., but the van hit Harvey and pinned
4  her against a parked truck. *Id.* at 3–4.

5        Plaintiffs maintained an insurance policy through Farmers (the "Policy"). *Id.* at 5; Dkt. No.
6  16-1 at 2–42. Plaintiffs contend that Farmers unreasonably denied their claims for coverage and
7  payment of benefits under the Policy. Dkt. No. 1-2 at 7.

8        On May 5, 2023, Ms. Harvey and Mr. Stanley, individually and as the parents of B.S., filed
9  suit against Farmers in King County Superior Court, alleging Insurance Fair Conduct Act
10 ("IFCA") and Washington Consumer Protection Act ("CPA") violations, breach of contract, bad
11 faith, negligence, and civil fraud. *Id.* at 2, 7–8. The complaint alleged that as a result of the accident,
12 Ms. Harvey experienced physical injuries and posttraumatic stress disorder ("PTSD"). *Id.* at 4. The
13 complaint further alleged that B.S. "suffered severe emotional distress that disrupted her
14 neurodevelopment and resulted in permanent damage to her brain that has alrea[]dy manifested in
15 the form of an anxie[]ty disorder. Additionally, plaintiff Amy Harvey's PTSD was imprinted on
16 [B.S.'s] developing brain and she will experience her own form of PTSD for the remainder of her
17 life." *Id.* Plaintiffs seek payment of UIM benefits and declaratory relief. *Id.* at 9. Farmers removed
18 the action to this Court on diversity jurisdiction grounds. Dkt. No. 1 at 1–3.

19       The Court set an October 8, 2024 deadline to disclose expert witnesses and their reports
20 and a November 8, 2024 deadline to disclose rebuttal experts and their reports. Dkt. No. 26 at 2.
21 On October 8, 2024, Farmers disclosed orthopedic surgeon Josef K. Eichinger and psychiatrist
22 Mark A. Koenen, Dkt. No. 34-2 at 2–3, and Plaintiffs disclosed 11 experts—plus a 12th "possible"
23 expert—who are expected to testify regarding Ms. Harvey's physical injuries and all three

Plaintiffs' psychological injuries, Dkt. No. 34-3 at 2–15.[1] On the same day, Farmers requested to schedule Rule 35 independent medical examinations with Dr. Eichinger and Dr. Koenen for Ms. Harvey and with Dr. Koenen for B.S. "due to the expert opinions disclosed by Plaintiffs concerning their physical and mental injuries." Dkt. No. 33 at 3; *see also* Dkt. No. 34-10 at 9. Farmers asked whether Plaintiffs would agree to the exams, and if not, for counsel's availability to meet and confer. Dkt. No. 34-10 at 9. Plaintiffs' counsel responded the next day and noted that Farmers had not provided details such as where and when the exams would occur, "the manner, conditions or scope of the examinations," or a justification for failing to provide the expert opinions before "the Court's deadline[.]" *Id.* Farmers' counsel responded that the date and place would be set by agreement if possible, Rule 35 "does not set a need to state conditions," and the exams were necessary to rebut Plaintiffs' experts. *Id.* at 8. Plaintiffs' counsel responded that Rule 35 requires a motion to specify the conditions of an exam, and further stated,

> So, to be clear, you are asking my clients, including a 7-year-old child, to, unconditionally and with no protections, agree to be examined by their own insurer's experts (who has known about their claims for years and could have examined them at any time prior to litigation pursuant to the terms of the insurance policy) and you have no justification for not disclosing those experts' opinions by the Court-ordered deadline for expert witness disclosures.

*Id.* at 7.

On October 11, 2024, Farmers provided an amended disclosure of expert witnesses, replacing Dr. Koenen with Dr. David E. Penner, a child, adolescent, and adult psychiatrist. Dkt. No. 34-6 at 2–3. On the same day, Farmers' counsel also provided details regarding the exams and again requested to confer. Dkt. No. 34-10 at 6–7.

On October 15, 2024, Farmers' counsel sent another email to Plaintiffs' counsel requesting

---

[1] Plaintiffs note that only one of their experts was "retained specifically pursuant to FRCP 26(a)(2)(B) and that expert's opinions pertained only to the claims of Mr. Harvey"; the rest of the experts are treating physicians who were, with one exception, identified in Plaintiffs' initial disclosures early in the case. Dkt. No. 35 at 4.

ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR A RULE 35 EXAMINATION AND RELIEF FROM DEADLINE - 3

1  to confer regarding the Rule 35 exams. *Id.* at 6. On October 16, 2024, Plaintiffs' counsel responded
2  that Farmers' counsel provided insufficient information about the parameters of the exam, and the
3  parties "will not have anything to discuss" until he discussed the proposed exams "with the treating
4  health care providers and hear what they have to say regarding an examination[.]" *Id.* at 5. Farmers'
5  counsel followed up with emails on October 24, 25, and November 6, 2024 requesting to confer.
6  *Id.* at 2–4. Rather than agreeing to confer, Plaintiffs' counsel twice reiterated that Farmers' counsel
7  had not provided a substantive response to his October 10, 2024 email asking for the details of the
8  exams, so there was nothing to discuss. *Id.* at 2, 4.

9  On November 6, 2024, Farmers served its rebuttal expert disclosure identifying Dr.
10 Eichinger and Dr. Penner as rebuttal experts and attaching their rebuttal reports. Dkt. No. 34-12 at
11 2–3. That disclosure stated that Dr. Eichinger would testify with "regard to the extent of physical
12 injuries sustained by Amy Harvey in the accident and the status of recovery by Ms. Harvey from
13 injuries," and Dr. Penner would testify "regarding the extent of psychiatric problems, if any,
14 sustained by Amy Harvey and B.S., regarding psychiatric issues with causes other than the
15 accident, and regarding the present psychiatric conditions of those plaintiffs." *Id.* at 3.

16 **II. DISCUSSION**

17 **A.    The Parties Did Not Meet and Confer**

18 A party "may move for an order compelling disclosure or discovery." Fed. R. Civ. P.
19 37(a)(1). A motion to compel "must include a certification that the movant has in good faith
20 conferred or attempted to confer with the person or party failing to make disclosure or discovery
21 in an effort to obtain it without court action." *Id.* The local analogue to Rule 37 includes the same
22 requirement and further specifies that a good-faith effort to confer with the opposing party
23 "requires a face-to-face meeting or a telephone conference." LCR 37(a)(1); *see also* LCR 1(c)(6).
24 If a movant fails to include a certification, the Court "may deny the motion without addressing the

ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR A RULE 35 EXAMINATION AND
RELIEF FROM DEADLINE - 4

merits of the dispute." LCR 37(a)(1). In addition, "[i]f the court finds that counsel for any party, or a party proceeding pro se, willfully refused to confer, failed to confer in good faith, or failed to respond on a timely basis to a request to confer, the court may take action as stated in CR 11 of these rules." *Id.*

Here, Farmers contends that it promptly requested to confer on October 8, 2024—the same day it received Plaintiffs' expert disclosures—then followed up six times, but "Plaintiffs' counsel never provided a date to confer," leaving Farmers unable to schedule the Rule 35 exams. Dkt. No. 33 at 10. Plaintiffs respond that Farmers' counsel never provided the conditions of the exams, which Plaintiffs' counsel particularly needed regarding B.S. so he could "have a discussion with B.S.'s actual health practitioners about the health and safety risks to B.S." Dkt. No. 35 at 5.

True enough, Farmers' initial email request failed to set forth conditions for the exams. Dkt. No. 34-10 at 9. But when Plaintiffs' counsel pointed out the deficiency, Farmers' counsel offered to discuss the conditions during the meet and confer and consider any conditions Plaintiffs proposed. *Id.* at 8. Plaintiffs' counsel then provided inconsistent responses. He stated on October 16 that he would "speak with the treating health care providers and hear what they have to say regarding an examination," then confer with Farmers' counsel. *Id.* at 5 (writing, "Due to prior commitments I am not available tomorrow and I do not believe I will be able to speak with the health care providers the following week. I will let you know when those conversations occur and provide dates when ready."). And when Farmers' counsel followed up over a week later, Plaintiffs' counsel responded, "I am in the middle of moving my office and will be off-line for several days while everything is sorted out. I am still waiting for a substantive response to my 10/10 email so I have something to discuss with you and my clients' health care providers." *Id.* at 4. That unexplained change in position wasted time and ignores that counsel could have discussed the conditions, rather than spelling them all out in an email, and could have conferred more than once,

ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR A RULE 35 EXAMINATION AND RELIEF FROM DEADLINE - 5

1   both before and after Plaintiffs' counsel talked with the treating physicians about the conditions.
2   Plaintiffs' counsel's insistence that Farmers list all conditions in writing prior to any discussion
3   did not comply with the letter or spirit of the Local Civil Rules.

4         Because Farmers repeatedly attempted to confer but was rebuffed, the failure to meet and
5   confer does not preclude the Court's consideration of the motion. LCR 37(a)(1). However, the
6   Court declines to substantively rule on the motion now because it appears that a meet and confer
7   is likely to be fruitful. Plaintiffs have proposed conditions for the examinations, and Farmers has
8   stated a willingness to agree to most of them. Dkt. No. 37 at 6–7. The Court therefore denies the
9   motion to conduct Rule 35 exams without prejudice and orders the parties to meet and confer.

10        Moreover, because it would be premature to rule on the request for Rule 35 exams, it would
11  also be premature to rule on Farmers' request for additional time to submit reports generated from
12  exams that may not come to fruition. The Court notes, though, that when the parties confer about
13  these issues, Plaintiffs cannot use their own foot-dragging to their advantage. Had Plaintiffs'
14  counsel timely conferred, Farmers may have been able to conduct the exams and submit the reports
15  before the rebuttal expert deadline, and Plaintiffs could have deposed the examiners before the
16  December 6, 2024 discovery deadline. Dkt. No. 26 at 2; *see, e.g.*, *Leeper v. City of Tacoma*, No.
17  3:20-CV-5467-BHS-DWC, 2021 WL 633635, at *2 (W.D. Wash. Jan. 21, 2021) (permitting Rule
18  35 exam in part because it would have been timely if the opposing party had agreed to it); *see also*
19  *Jordan v. Wyndham Vacation Ownership, Inc.*, No. 2:21-cv-02228-CDS-NJK, 2023 WL
20  10736662, at *3 (D. Nev. Dec. 5, 2023) (finding good cause for an extension and noting that "[b]ut
21  for [Plaintiff's] objection to the psychological examination, and the ensuing conferral process, it
22  appears that no extension would have been needed of the rebuttal expert disclosure deadline").
23  Although Plaintiffs argue that Farmers could have requested the exams during its pre-litigation
24  investigation, Farmers was not required to do so. *See, e.g.*, *Sagdai v. Travelers Home & Marine*

1   *Ins. Co.*, 639 F. Supp. 3d 1091, 1106 (W.D. Wash. 2022). And Farmers persuasively argues that it
2   might not have needed to conduct the examinations at all if Plaintiffs' primary expert disclosures
3   had been different. Dkt. No. 37 at 2.
4       Accordingly, the Court denies Farmers' motion without prejudice.

5   **B.    The Parties Are Required to Correct the Record**

6       Two problems in the record require correction. First, Plaintiffs' response brief refers to
7   their proposed order in which they suggested conditions for the exams, Dkt. No. 35 at 13, but
8   Plaintiffs did not file their proposed order in the docket. Emailing it only to the Court's orders box
9   violated Local Civil Rule 7(b)(1) and was inconsistent with the public's right to access the record.
10  Accordingly, Plaintiffs are ordered to file their proposed order in the docket within five days of
11  this Order.
12      Second, both parties have filed documents in this case containing the minor's full name in
13  violation of Local Civil Rule 5.2, which requires parties to redact minors' names to their initials.
14  LCR 5.2(a)(2). To protect the sensitive information that is already in the record, the Clerk is
15  directed to seal docket entries 30, 30-1, 31-1, 31-4, 31-7, 31-10, 33, 33-1, 34-1, 34-4, 34-7, 34-10,
16  and 36-1. The parties shall file redacted copies of docket entries 33, 33-1, 34-1, 34-4, 34-7, 34-10,
17  and 36-1 within 14 days of the date of this Order, and must review their other filings to ensure they
18  do not contain sensitive information that should have been redacted.[2]

19                  **III.  CONCLUSION**

20      For the foregoing reasons, the Court DENIES Farmers' motion without prejudice. Dkt. No.
21  33. The Court orders the parties to meet and confer within five days of this Order. Within 10 days
22  of the date of this Order, they must file either (1) a stipulation and proposed order that Farmers

---

24  [2] Farmers does not need to file redacted copies of its previously stricken motion and declaration. Dkt. Nos. 30, 31.

ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR A RULE 35 EXAMINATION AND RELIEF FROM DEADLINE - 7

can conduct the Rule 35 exams and the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform them; or (2) a status report certifying that they have *thoroughly* met and conferred but were unable to reach agreement, whether Farmers requests to renew its motion, and if so, any supplementation either party wishes to provide. If the parties' positions will require an amendment to the case schedule, their submission must propose an amended case schedule.

Dated this 9th day of December, 2024.

*Lauren King*

Lauren King
United States District Judge