UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMY HARVEY et al.,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>MID-CENTURY INSURANCE COMPANY,<br><br>　　　　　　　　Defendant. | CASE NO. 2:23-cv-00873-LK<br><br>ORDER GRANTING STIPULATED MOTION ALLOWING DEFENDANT TO CONDUCT FRCP 35 EXAMINATIONS |

　　　　This matter before the Court on the parties' Stipulated Motion Granting Defendant Conducting FRCP 35 Examinations. Dkt. No. 41. The Court, being familiar with the records and files herein, having considered the Motion for Relief and to Compel, Dkt. No. 33, and being otherwise fully advised, hereby ORDERS that the parties' Stipulated Motion Granting Defendant Conducting FRCP 35 Examinations is conditionally GRANTED as follows:

　　　　1.　　The examination of Amy Harvey by Dr. David Penner shall be done on February 7, 2025 at a location in King County. The examination of B.S. by Dr. David Penner shall be on February 7, 2025 at a location in King County. The examination of Amy Harvey by Dr. Josef

ORDER GRANTING STIPULATED MOTION ALLOWING DEFENDANT TO CONDUCT FRCP 35 EXAMINATIONS - 1

Eichinger shall be on March 28 or March 29, 2025 at a location in King County. If circumstances beyond either party's control prevent the exams from taking place at those dates and times, the parties will work cooperatively to reset them.

2. The trial date is continued to November 3, 2025. All corresponding dates and deadlines, including the disclosure of expert and rebuttal expert testimony under FRCP 26(a)(2), shall be adjusted accordingly and reflected in a new case scheduling order, to be issued separately by the Court.

3. The physical examination of plaintiff Amy Harvey shall consist of a standard history and physical, asking things like what is the chief complaint, what treatment have you had, what medications are you on, etc. The physical exam will be non-invasive and focused on the identified complaints/injuries/problems and consist of things like range of motion, strength, testing, neurological test, and physical standard exam specific test.

4. The psychiatric examination of plaintiff Amy Harvey shall consist of a psychiatric clinical interview, gathering psychiatric and medical history, timetable of symptoms.

5. The psychiatric examination of plaintiff B.S. shall consist of a psychiatric clinical interview, gathering psychiatric and medical history, timetable of symptoms.

6. The examinations shall be limited to two hours from the scheduled start time.

7. Examiners shall produce a written reports within fourteen (14) days of completion of his/her examination.

8. Examiners' written report shall be detailed and clearly set forth the following:

    i. All documents and materials of any kind reviewed by Examiners;

    ii. All findings made by Examiners;

    iii. All diagnoses, if any, made by Examiners;

    iv. All findings upon which the diagnoses are based; and

ORDER GRANTING STIPULATED MOTION ALLOWING DEFENDANT TO CONDUCT FRCP 35 EXAMINATIONS - 2

    v. All conclusions reached by Examiners and the opinions of Examiners with a statement as to the medical bases for all.

9. Any failure by Examiners to provide a written report as required by paragraphs 7 and 8 shall result in the exclusion of Examiners. All conclusion and opinions not set forth within Examiners' written report shall be excluded.

10. Defendant's counsel shall cause copies of Examiners' reports to be delivered to Plaintiffs' counsel at the same time Defendant's counsel receives it.

11. After the delivery of the report, Plaintiffs shall have the right to take the videotaped deposition of Examiners on fourteen (14) days' notice. Defendant's counsel shall accept service of all subpoenas on behalf of Examiners and all persons to whom Examiners' written reports are provided.

12. Examiners shall not perform any invasive tests or tests that cannot be conducted in the examining room.

13. No laboratory tests shall be performed by Examiners.

14. Plaintiffs and/or Plaintiffs' counsel are not obligated to provide Examiners with x-rays or imaging studies. If Examiners review x-rays or imaging studies of Plaintiffs, then Defendant's counsel shall provide Plaintiffs' counsel a minimum of seven (7) days written notice of that fact. With the notice, Defendant's counsel shall provide copies of all imaging studies to Plaintiff's counsel.

15. Examiners shall not have new x-rays or imaging studies done.

16. If Plaintiffs are going to be asked to complete any forms, those forms shall be delivered to Plaintiffs' counsel not less than seven (7) days before the examination. Plaintiffs reserve the right to refuse to complete any forms.

17. If not already provided, the following shall be furnished to Plaintiffs' counsel

ORDER GRANTING STIPULATED MOTION ALLOWING DEFENDANT TO CONDUCT FRCP 35 EXAMINATIONS - 3

with Examiners' written report at no additional charge to Plaintiff:

      i.      Examiners' most recent CV and fee schedule;

      ii.      Copies of all written materials and documents reviewed, used or relied upon by Examiners in conducting the examination or reaching his/her conclusions. This includes all materials and documents furnished to Examiners by Defendant's counsel, including all medical records, and all texts or journal articles cited and/or relied upon by Examiners;

      iii.      Copies of all tests given to Plaintiffs by Examiners as completed or filled out by Plaintiffs, together with all notes or data generated by Examiners or done by Plaintiffs;

      iv.      All data created, obtained or used by Examiners in conducting the examination, including handwritten notes and dictation;

      v.      Results of all tests, measurements and calculations completed regarding the examination; and

      vi.      A copy of all other documents comprising Examiners' complete file regarding this matter, including, but not limited to all documents provided by Defendant's counsel to Examiners, copies of all correspondence between Defendant's counsel and Examiners, all handwritten notes of Examiners, all billing records of Examiners including all future billing records, and all dictation of Examiners.

18. A copy of the Order shall be given to Examiners at least seventy-two (72) hours before the examinations. DEFENDANT'S COUNSEL SHALL BE RESPONSIBLE TO SEE THAT EXAMINERS ARE APPRISED OF THE CONDITIONS HEREIN ORDERED. Any action by Examiners in violation of this Order in the course of the examination shall cause the immediate termination of the examination and the examination shall be deemed complete.

ORDER GRANTING STIPULATED MOTION ALLOWING DEFENDANT TO CONDUCT FRCP 35 EXAMINATIONS - 4

19. No questions may be asked of Plaintiffs by Examiners related to negligence or legal liability. Said restriction does not limit inquiry into the physical dynamics of the event, relevant to the examination of plaintiff Harvey's lower extremities.

20. For Plaintiff Harvey's FRCP 35 psychiatric examination with Dr. Penner and for B.S.'s psychiatric examination with Dr. Penner, Laura Opson is allowed to observe but not participate in or interfere with the exam. If Ms. Opson observes, the entire examination(s) shall be videotaped or audiotaped by the Plaintiff and a copy of that recording provided to the defendant. Defendant shall pay for their copy. In regard to Dr. Eichinger's exam of Amy Harvey, Laura Opson, RN or another similar observer shall be allowed to observe to observe that examination. The observer shall not interrupt, impede, or instruct the examinee and shall observe only.

21. The scope of the examination shall be limited to the expertise of Examiners. Examiners shall not conduct an inquiry or examination outside of his/her expertise (i.e. crash reconstruction, engineering, biomechanics, human factors, vocational, life care planning, etc.). Any opinion of Examiners on such matters shall be excluded.

22. The exams may be recorded by a professional videographer. The videographer shall not interrupt, impede, or intrude on the exam.

23. All incidental costs associated with Plaintiffs' attendance at the examinations shall be paid, within fourteen (14) days of receipt, by Defendant. These costs include reasonable and necessary expenses for transportation, food, lodging, parking fees, and other related expenses for Plaintiffs. Plaintiffs shall not be responsible for any charges of Examiners, and will not be billed for the examination. Defendant shall not be entitled to an offset for any such payment to Plaintiffs.

24. Examiners, Defendant's counsel and Defendant shall not disseminate Examiners'

ORDER GRANTING STIPULATED MOTION ALLOWING DEFENDANT TO CONDUCT FRCP 35 EXAMINATIONS - 5

report to any other person at any time for any reason except for purposes of the pending litigation. Examiners shall not testify or offer opinions in any other matter concerning the examinations of Plaintiffs.

25. Examiners shall be made available for his/her video recorded deposition no sooner than two weeks after Plaintiff's counsel receives Examiners' report. Examiners shall disclose how much Defendant is charged for the examination and shall not charge Plaintiffs a higher hourly rate for his/her video recorded deposition than Examiners charge Defendant's counsel to confer. Examiners shall not charge Plaintiffs more for his/her video recorded deposition than he/she would if the deposition was not video recorded. At least two weeks' notice should be given for any deposition of examiners.

26. The Examiners shall provide a list of matters in which they have provided testimony.

Dated this 6th day of January, 2025.

Lauren King
United States District Judge

ORDER GRANTING STIPULATED MOTION ALLOWING DEFENDANT TO CONDUCT FRCP 35 EXAMINATIONS - 6