UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMY HARVEY et al., <br><br> Plaintiffs, <br> v. <br><br> MID-CENTURY INSURANCE COMPANY, <br><br> Defendant. | CASE NO. 2:23-cv-00873-LK <br><br> ORDER GRANTING PLAINTIFFS' MOTION FOR EXTENSION OF TIME |

This matter comes before the Court on Plaintiffs' motion for an extension of time to file their responses to (1) Defendant's motion to exclude Dr. Sharon Stanley, Dkt. No. 45, and (2) Defendant's motion for summary judgment as to the claims of minor Plaintiff B.S., Dkt. No. 48. Dkt. No. 58. For the reasons set forth below, the Court grants the motion.

Because both of Defendants' motions were filed on July 7, 2025, Plaintiffs' responses were due on July 28, 2025. *See* LCR 7(d)(4). Plaintiffs filed their motion for an extension on August 7, 2025, after their deadlines had already passed, so the excusable neglect standard applies. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect focuses on the equities underlying whether to excuse a

1  party's noncompliance. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) ("conclud[ing] that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission").

Plaintiffs provide two reasons for missing their deadlines. First, their counsel reviewed an outdated version of the Court's Local Civil Rules and consequently, mis-calendared the deadlines. Dkt. No. 58 at 2. Counsel's mistake does not demonstrate excusable neglect. *See Oatway v. Experian*, No. 2:24-cv-00523-LK, 2025 WL 1666281, at *4 (W.D. Wash. June 12, 2025) (finding that a calendaring error did not demonstrate excusable neglect); *see also* LCR 83.3(a) ("[A]ttorneys appearing in this district shall be familiar with and comply with . . . [t]he local rules of this district"). Second, "Dr. Stanley suffered a life-threatening medical emergency that left her unable to communicate with Plaintiffs' counsel." Dkt. No. 58 at 2. As a result, "Plaintiffs' counsel was unable to speak with Dr. Stanley until July 22, 2025 and was not able to obtain a signed declaration from Dr. Stanley until Friday, August 1, 2025." *Id.* This emergency medical situation does constitute excusable neglect. Moreover, Defendant Mid-Century Insurance Company d/b/a Farmers Insurance ("Farmers") has not opposed the motion, which the Court construes as an admission that the motion has merit. LCR 7(b)(2).

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for an extension, Dkt. No. 58, and construes their responses, Dkt. Nos. 53, 55, as timely filed. Finally, because Farmers was deprived of the full amount of time provided under Local Civil Rule 7(d)(4) to file its reply

//
//
//
//
//

ORDER GRANTING PLAINTIFFS' MOTION FOR EXTENSION OF TIME - 2

briefs,[1] the Court grants it an opportunity to file amended replies to both of its motions within five days of the date of this Order. No further briefing will be accepted on those motions.

Dated this 8th day of September, 2025.

Lauren King
United States District Judge

---

[1] Farmers was allotted seven days for each reply, LCR 7(d)(4), but because of Plaintiffs' late responses, it filed its reply to its motion to exclude Plaintiffs' expert after three days, *see* Dkt. Nos. 53, 57, and its reply to its motion for summary judgment after four days, *see* Dkt. Nos. 55, 61.

ORDER GRANTING PLAINTIFFS' MOTION FOR EXTENSION OF TIME - 3